UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRISTOPHER LEWIS WHEELER, )
)   No. CV-11-00387-CI
    Plaintiff, )
)   ORDER GRANTING PLAINTIFF'S
v. )   MOTION FOR SUMMARY JUDGMENT
)
CAROLYN W. COLVIN, Commissioner )
of Social Security,[1] )
)
        Defendant. )
)
                     )

BEFORE THE COURT are cross-motions for Summary Judgment. ECF No. 13, 16. Attorney Maureen J. Rosette represents Christopher L. Wheeler (Plaintiff); Special Assistant United States Attorney Daphne Banay represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 8. After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

**JURISDICTION**

On May 7, 2009, Plaintiff filed a Title II application for a

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to FED. R. CIV. P. 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit.  42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

period of disability and disability insurance benefits, alleging disability beginning September 6, 2007.   Tr. 13; 147.   Plaintiff reported that depression and a stress disorder limit his ability to work, and he asserted that his medical conditions of herpes and shingles are caused by his stress disorder.   Tr. 146.   Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ).   Tr. 62-85.   A hearing was held on August 6, 2010, at which vocational expert Sharon Nemet Welter, and Plaintiff, who was represented by counsel, testified.   Tr. 33-61.   ALJ James W. Sherry presided.   Tr. 33.   The ALJ denied benefits on August 20, 2010.   Tr. 13-24.   The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.   At the time of the hearing, Plaintiff was 60 years old.   Tr. 37.   He was divorced, shared a house with his grown son, but stayed with his girlfriend often.   Tr. 37-38.   He completed high school, and five years of college.   Tr. 38.

In 2006, Plaintiff began experiencing significant pain in his jaw, which was eventually diagnosed as shingles.   Tr. 41.   The shingles rash began near the corner of his mouth, and spread nearly to his ear.   Tr. 41.   His employer told him to take short-term disability leave, so he did.   Tr. 41.   After the shingles rash resolved, the pain remained.   Tr. 41.   Plaintiff testified that he returned to work in 2007, but eventually the pain was so severe, he quit.   Tr. 42.

Plaintiff testified that he still experiences pain on a daily

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

basis, and he has learned to manage the pain by pacing himself and taking frequent breaks.  Tr. 43.  He said he can push himself and perform household chores in a stretch of up to four hours, but if he does, he will be incapacitated for the next two or three days.  Tr. 44.  He testified that when the pain is really severe, he cannot do anything.  Tr. 46.  He has to rest in a quiet state, similar to meditation, for about 45 minutes.  Tr. 47.  Plaintiff also testified that he stopped taking anti-depressants because he was "in a constant fog."  Tr. 51.

Plaintiff has past work experience as a sales clerk, retail department manager, manager of a retail store, and driver.  Tr. 55.

**ADMINISTRATIVE DECISION**

Preliminarily, ALJ Sherry found that Plaintiff met the insured status requirement of the Social Security Act through December 31, 2012.  Tr. 15.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 6, 2007. Tr. 15.  At step two, he found Plaintiff had the severe impairments of depressive disorder; pain disorder associated with psychological factors and a general medical condition; alcohol dependence; herpes simplex; and shingles.  Tr. 15.  At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926).  Tr. 16.  The ALJ found Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> [T]he claimant's ability to climb ladders, rope and scaffolds is limited to occasional; whereas, climbing ramps, climbing stairs, balancing, stooping, crouching,

1    kneeling and crawling are frequent.  The claimant should
     also avoid unprotected heights and the use of moving
2    machinery.  Moreover, the claimant can understand and
     perform simple, routine and repetitive tasks, some well-
3    learned detailed tasks with no fast-paced production
     requirements.  Yet, he is limited to occasional decision-
4    making and changes in the work setting.  Last, the
     claimant should only have occasional interaction with the
5    public and co-workers.

6  Tr. 18.

7       In step four findings, the ALJ found Plaintiff's statements

8  regarding pain and limitations were not credible to the extent they

9  were inconsistent with the RFC findings.  Tr. 19.  At step four, the

10 ALJ found that Plaintiff is capable of performing past relevant work

11 as a van driver.  Tr. 22.

12                        **STANDARD OF REVIEW**

13      In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the

14 court set out the standard of review:

15      A district court's order upholding the Commissioner's
        denial of benefits is reviewed *de novo*. *Harman v. Apfel*,
16      211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the
        Commissioner may be reversed only if it is not supported
17      by substantial evidence or if it is based on legal error.
        *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).
18      Substantial evidence is defined as being more than a mere
        scintilla, but less than a preponderance.  *Id.* at 1098.
19      Put another way, substantial evidence is such relevant
        evidence as a reasonable mind might accept as adequate to
20      support a conclusion.  *Richardson v. Perales*, 402 U.S.
        389, 401 (1971).  If the evidence is susceptible to more
21      than one rational interpretation, the court may not
        substitute its judgment for that of the Commissioner.
22      *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of
        Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

23
24      The ALJ is responsible for determining credibility,
        resolving conflicts in medical testimony, and resolving
        ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th
25      Cir. 1995).  The ALJ's determinations of law are reviewed
        *de novo*, although deference is owed to a reasonable
26      construction of the applicable statutes.  *McNatt v. Apfel*,
        201 F.3d 1084, 1087 (9th Cir. 2000).

27
28      It is the role of the trier of fact, not this court, to resolve

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.,* 359 F.3d 1190, 1193-94 (2004).

If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

**ISSUES**

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends that the ALJ erred by failing to properly weigh the opinion from Dennis R. Pollack, Ph.D. ECF No. 14 at 7-12. Defendant responds that the ALJ properly weighed Dr. Pollack's opinions and raises the issue that the ALJ's step five determination that Plaintiff could perform unskilled light work was error, but contends it was harmless error. ECF No. 16 at 5-18.

**DISCUSSION**

Plaintiff contends that the ALJ erred by failing to properly weigh the opinions from Dennis R. Pollack, Ph.D. ECF No. 14 at 7-12. Specifically, Plaintiff argues the ALJ dismissed his opinions based on boilerplate language that was not specific, and improperly considered the purpose for which the exam was obtained. ECF No. 17 at 2-3. The ALJ "accorded weight to Dr. Pollack's opinion only to the extent it was consistent with this determination and residual functional capacity." Tr. 21.

As a general rule, an ALJ should give more weight to the opinion of a treating source than to the opinion of doctors who do not treat the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. *Id.* Where the treating doctor's opinion is contradicted

by another doctor, the ALJ may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for so doing. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983).

The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990). The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer*, 908 F.2d at 506. Where contradicted by another doctor, the ALJ may rejected an examining physician's opinions for specific and legitimate reasons that are supported by substantial evidence in the record. *Andrews*, 53 F.3d at 1043.

In this case, Dr. Pollack examined Plaintiff on July 14, 2010. Tr. 280. Dr. Pollack administered several objective medical tests. Tr. 280. Dr. Pollack explained that the test results indicated Plaintiff was forthright and honest, and his tests revealed he was "in a great deal of physiology distress and is having difficulty adjusting psychologically." Tr. 283. Dr. Pollack explained, "[s]uch people lack stamina, feel weak, fatigued, tense and nervous much of the time." Based upon the test results and his examination, Dr. Pollack diagnosed Plaintiff with Pain Disorder associated with both psychological and general medical condition, and depressive disorder, NOS. Tr. 285.

Dr. Pollack completed a Mental Medical Source Statement, in which he assessed Plaintiff with marked limitations in both the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, and in the

ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 287.

In discussing the opinion from Dr. Pollack, the ALJ explicitly "emphasized" that Plaintiff procured the examination to assist in his social security disability case: "The claimant underwent the evaluation through attorney referral and in connection with an effort to generate evidence for the current appeal. Further, the evaluator was presumably paid for the report. Although such evidence is certainly legitimate[,] it deserves due consideration and it cannot be entirely ignored." Tr. 20. To the extent the ALJ discounted Dr. Pollack's opinion because it was obtained by and paid for by the claimant, the ALJ erred. It is well established that "[t]he purpose for which medical reports are obtained does not provide a legitimate basis for rejecting them." *Lester*, 81 F.3d at 832. "An examining doctor's findings are entitled to no less weight when the examination is procured by the claimant than when it is obtained by the Commissioner." *Id; Ratto v. Secretary*, 839 F. Supp. 1415, 1426 (D.Or. 1993). The ALJ erred in relying upon this reason in rejecting Dr. Pollack's opinions.

The other reasons the ALJ provided for rejecting Dr. Pollack's opinions were "there was no objective basis for the marked limitations, when the testing indicated otherwise, and it appears it to be only [sic] derived from the claimant's self-reports in an attorney referral evaluation." Tr. 21. First, as Plaintiff points out, it is insufficient for the ALJ TO reject a medical opinion based upon a broad, conclusory statement that the findings are not

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 8

supported by sufficient objective findings. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). "The ALJ must do more than offer his conclusions. He must set forth his own interpretations  and explain why they, rather than the doctors, are correct." *Id.* Where an ALJ and a physician's conclusions are different, "it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings." *Id.* In this case, the ALJ failed to provide detailed reasons for discounting Dr. Pollack's opinion.  In the absence of detailed reasoning, the ALJ's rejection of Dr. Pollack's opinion was error.   Dr. Pollack's ultimate conclusions about Plaintiff's marked impairments "cannot be disregarded unless clear and convincing reasons for doing so exist and are set forth in proper detail." *Id; see Delgado v. Heckler*, 722 F.2d 570, 574 (9th Cir. 1983).

Second, while it is permissible to reject a physician's opinion that is based upon a discredited Plaintiff's subjective report of symptoms,[2] in this case, the ALJ inextricably linked this valid reason with an invalid reason – the fact that Plaintiff procured the examination to assist with his claim.

Moreover, while the ALJ asserted that the mental RFC "gave the benefit of the doubt with respect to a pain disorder, depression and difficulty with his stress tolerance," the record does not support

---

[2]Where a medical source's opinion is based largely on the Plaintiff's own subjective description of symptoms, and the ALJ has discredited the Plaintiff's claim as to those subjective symptoms, the ALJ may reject that opinion. *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989).

1   this statement.  Tr. 21.  The RFC does not include Dr. Pollack's
2   assessments of Plaintiff's marked impairments.  The vocational
3   expert testified that if Plaintiff has the marked impairments as
4   assessed by Dr. Pollack, Plaintiff would be unable to maintain
5   competitive employment.  Tr. 58.

6        Thus, even if the improperly rejected medical evidence is
7   credited, on the record before the court it is not conclusive that
8   a reasonable ALJ, considering the existing and contradictory medical
9   evidence of physical and psychological impairments, would find
10  Plaintiff disabled.  Therefore, remand for additional proceedings is
11  appropriate.  See *Stout v. Commissioner, Social Sec. Admin.*, 454
12  F.3d 1050, 1056 (9th Cir. 2006); see also *Salvador v. Sullivan*, 917
13  F.2d 13, 15 (9th Cir. 1990).

14                          **CONCLUSION**

15       Having reviewed the record and the ALJ's findings, the court
16  concludes the ALJ's decision is not supported by substantial
17  evidence and is based on legal error.  On remand, the ALJ shall
18  reevaluate the opinions of the medical source opinions, explain the
19  weight given to medical sources, and, if necessary, provide legally
20  sufficient reasons for rejecting medical source opinions.
21  Additionally, Defendant raised an issue that the ALJ's step five
22  determination that Plaintiff could perform unskilled light work was
23  error, but contends it was harmless.  ECF No. 16 at 5-18.  Plaintiff
24  does not address this issue.  On remand, the ALJ will reevaluate his
25  determination at step four and if necessary, make new step five
26  findings.  The decision is therefore **REVERSED** and the case is
27  **REMANDED** for further proceedings consistent with this opinion.
28  Accordingly,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 10

1    **IT IS ORDERED:**

2    1.   Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is

3  **GRANTED** and the matter is **REMANDED** to the Commissioner for

4  additional proceedings.

5    2.   Defendant's Motion for Summary Judgment (ECF No. 16) is

6  **DENIED.**

7    3.   An application for attorney fees may be filed by separate

8  motion.

9    The District Court Executive is directed to file this Order and

10 provide a copy to counsel for Plaintiff and Defendant. Judgment

11 shall be entered for Plaintiff, and the file shall be **CLOSED.**

12   DATED May 30, 2013.

13

14 _____S/ CYNTHIA IMBROGNO_____
       UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28